UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-75-JBC**

**HARDY OIL COMPANY, INC.,**                                       **PLAINTIFF,**

**V.**               **<u>MEMORANDUM OPINION AND ORDER</u>**

**NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY, ET AL.,**                         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

      This matter is before the court on Nationwide Agribusiness Insurance Co. and Wells Fargo Insurance-Indiana's motions to bifurcate (R. 10, 15) and stay discovery (R. 11, 15), and Nationwide's motion for protective order (R. 37). For the reasons below, the court will grant the motions to bifurcate and stay discovery but will deny the motion for protective order.

      This action stems from a spill of diesel fuel at a site owned by the plaintiff, Hardy Oil Company. Hardy purchased insurance policies through Wells Fargo Insurance-Indiana, including first- and third-party insurance coverage for its motor fuel operations from Nationwide Agribusiness Insurance Co. Hardy's claim, asserting coverage under its policy with Nationwide for losses sustained by the spill, was denied. Hardy filed this suit against the defendants based on three claims: (1) Hardy's policy issued by Nationwide covered its damages from the spill; (2) Nationwide's denial of coverage was a breach of obligations and bad faith; and (3) if the spill is not covered by the policy issued by Nationwide, Wells Fargo

1

negligently breached its duty to use reasonable care in providing insurance brokerage services to Hardy. Nationwide filed a counterclaim for declaratory judgment regarding coverage of the spill.

Nationwide and Wells Fargo moved to bifurcate the trial and stay discovery on the bad faith and negligence claims until after the coverage claim can be resolved. Nationwide also moved for protective order preventing Hardy from deposing any representatives of Nationwide at this time.

**I. Bifurcation and Stay Discovery**

Bifurcation is appropriate in this action because it would further convenience and judicial economy, help avoid prejudice to parties, and prevent juror confusion. *See* Fed. R. Civ. P. 42(b); *see also Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir.2007); *see also Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir.1997).

Bifurcation would serve the best interest of judicial economy because Hardy's bad faith and negligence claims depend on the outcome of the breach-of-contract claim. *See Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir.2005) (affirming bifurcation where the merits of the bad faith claim depended on resolution of the underlying contract claim). In order to prevail on its bad faith claim under Kentucky law, Hardy must prove that "the insurer is *obligated* to pay the claim under the terms of the policy . . . ." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky.1993) (emphasis added).[1] To prevail on its negligence claim, Hardy must show that Wells

---

[1] The case cited by Hardy, *Chubb Custom Ins. Co. v. Grange Mutual Casualty Co.*, No. 2:07-CV-1285, 2008 WL 4823069 (S.D.Ohio Nov. 3, 2008), relies on Ohio law, which recognizes that bad faith in the adjustment of an insurance claim may

2

Fargo was negligent in not procuring a policy which *covered* the spill. R. 1-1 at 8. As neither the bad faith nor negligence claim can go forward until the coverage claim is resolved, bifurcation would best serve the interests of judicial economy.

Bifurcation serves to avoid prejudice to the parties by eliminating potentially unnecessary and cumbersome discovery. Bifurcating the trials would allow the parties to engage in limited discovery for litigation of the coverage claim while narrowing the other claims, thus reducing the time and money parties will need to expend to litigate them. Additionally, bifurcation helps prevent confusion to the jury by simplifying the issues. *Bruckner v. Sentinel Ins. Co., LTD*, No. 09-195-JBC, 2011 WL 589911, at *2 (E.D.Ky. Feb. 10, 2011); *Sanders v. Motorists Mut. Ins. Co.*, No. 08-37-DCR, 2008 WL 4534089, at *3 (E.D.Ky. Oct. 7, 2008) (explaining that presenting a contract issue and bad faith issue to the jury "may unfairly bleed the evidence for one into the evidence for the other").

Consideration of the above factors weighs in favor of bifurcation, *see Martin*, 106 F.3d at 1311 (6th Cir. 1997); therefore, the coverage claim and counterclaim will be bifurcated from the bad faith and negligence claims. Also, because bifurcation is appropriate and a stay on discovery would promote judicial economy and prevention of prejudice to parties, discovery on the bad faith and negligence claims will be stayed pending the resolution of the underlying coverage claim.

**II. Protective Order**

---

exist without a valid claim for coverage. *Penton Media, Inc. v. Affiliated FM Ins. Co.*, 245 F.App'x 495, 501 (6th Cir., 2007).

3

This court will deny the motion for protective order, as Nationwide has not shown good cause why the deposition constitutes an undue burden. Fed. R. Civ. Pro. 26(c). "The burden of establishing good cause for a protective order rests with the movant," and "[t]o show good cause, a movant . . . . must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . . " *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001)(internal citations omitted). Nationwide argues that a protective order is needed because the information sought in Hardy's deposition is irrelevant to the contract claim and would violate a bifurcation order. Nationwide also argues that a protective order is appropriate because information sought to be discovered in the deposition is protected by the work-product doctrine and/or attorney-client privilege. None of these arguments meets the good cause standard because the discovery deposition, when limited by the stay on discovery and evidentiary privileges, does not constitute a serious injury or undue burden.

As this court has bifurcated this action and stayed discovery on the bad faith claim, discovery is appropriate only on the coverage claim. Because several of the deposition topics described by Hardy relate to the coverage claim[2], a protective order against the deposition in its entirety would be overreaching and prejudicial to Hardy. A court may consider parol and extrinsic evidence involving the subject matter of the contract where a contract is ambiguous or silent on a vital matter.

---

[2] The "Definitions" and "Topics for Deposition" sections of Hardy's notice of deposition include issues such as whether a claim was covered and what actions, if any, Nationwide took to communicate whether a claim was covered. R. 35 (*i.e.* "Claims Adjustment Activity" and "Loss Control Activity").

Auto-Owners Ins. Co. v. Goode, 294 S.W.3d 32, 36 (Ky.App. 2009).  At this stage of litigation, a determination has not been made whether the contract at issue is ambiguous.  Thus, a deposition relating to the expectations of and/or communications by parties regarding coverage could be relevant to a determination of the coverage claim. *See i.e.*  R. 35 "Definitions (6)" and "Topics for Deposition (B)(8)."

Because Nationwide has not shown that the deposition in dispute would impose an undue burden or expense, *see* Fed. R. Civ. P. 26(c), and a deposition discussing matters related only to the coverage claim would not be seriously injurious, *see Nix*, 11 Fed. Appx. at 500 (6th Cir. 2001)(internal citations omitted), the court will not issue a protective order.  Instead, the deposition noticed by Hardy will be limited by this order's stay on discovery to a discussion of topics related only to the coverage claim.  Accordingly,

**IT IS ORDERED** that the motions to bifurcate and stay discovery (R. 10, 11, 15) are **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for protective order (R. 37) is **DENIED**, so long as Hardy's deposition, R. 35, complies with this order's stay on discovery.

**IT IS FURTHER ORDERED** that the parties shall file an amended joint report and proposed scheduling order, to supplement the report filed on April 20, 2011 (R. 17), no later than 14 days after the date of entry of this order.

**IT IS FURTHER ORDERED** that Hardy's motion for pretrial conference (R. 40) is **DENIED** as premature. By separate order, the court will enter a scheduling order which sets all deadlines and case events, including a pretrial conference.

Signed on December 5, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY